1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   ANDREW GARCIA,                )    Case No. CV 11-10309-VAP (OP)
                                    )
12                   Petitioner,    )    ORDER TO SHOW CAUSE RE:
                                    )    DISMISSAL OF PETITION FOR
13            v.                    )    WRIT OF HABEAS CORPUS BY A
                                    )    PERSON IN STATE CUSTODY
14                                  )    (28 U.S.C. § 2254) AS UNTIMELY
     W. J. SULLIVAN, Warden,        )
15                                  )
                     Respondent.    )
16                                  )
                                    )
17   _____

18                          **I.**

19                   **INTRODUCTION**

20          On January 25, 2012, Andrew Garcia ("Petitioner") constructively filed a

21   Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28

22   U.S.C. § 2254 ("Petition").[1]  (ECF No. 5.)  Pursuant to Rule 4 of the Rules

23   _____

24          [1]  The prison mailbox rule holds that a habeas petitioner's state and federal
25   filings are constructively filed when turned over to prison officials for
     forwarding to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809,
26   814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The
     Court has used the signature date on the Petition as the constructive filing date
27   since the signature date is the earliest date on which Petitioner could have turned
28

1  Governing Section 2254 Cases in the United States District Courts, the Court has

2  examined the current Petition and finds that it plainly appears from its face that

3  Petitioner is not entitled to relief in the district court.  Specifically, the Court

4  finds that the Petition is subject to dismissal as untimely.

**II.**

**PROCEDURAL HISTORY**

In October 2004, after entering pleas of nolo contendere in the Los

Angeles County Superior Court, case number SA048024, Petitioner was

convicted of lewd and lascivious acts with a child (Cal. Penal Code § 288),

aggravated sexual assault with a child (Cal. Penal Code § 269(a)), and forcible

rape (Cal. Penal Code § 261(a)(2)).  Petitioner was sentenced to a total state

prison term of forty years.  (Pet. at 2.)

Petitioner did not appeal to the California Court of Appeal, nor did he file

a petition for review in the California Supreme Court.  (Pet. at 2, 3.)

On July 14, 2011, Petitioner filed a habeas corpus petition in the California

Supreme Court, case number S194860.  On November 22, 2011, the supreme

court denied the petition with citation to <u>In re Robbins</u>, 18 Cal. 4th 770, 780

(1998).  (Pet. at 3, 4; Official Records of California Courts.[2]))

For the reasons discussed below, Petitioner is ordered to show cause why

the current Petition should not be dismissed with prejudice as untimely.

/ / /

/ / /

/ / /

_____

the Petition over to the prison authorities for mailing.

[2]  The Court takes judicial notice of the state appellate court records for
Petitioner's cases, which are available on the Internet at http://appellatecases.
courtinfo.ca.gov.  <u>See</u> <u>Smith</u>, 297 F.3d at 815 (federal courts may take judicial
notice of relevant state court records in federal habeas proceedings).

2

**III.**

**DISCUSSION**

**A.    Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).  Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).  However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond.  Id.

**B.    The Petition Was Not Filed Within the Limitation Period.**

The current Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

3

1  review or the expiration of the time for seeking such review." 28 U.S.C. §

2  2244(d)(1)(A).

3         As stated above, in October 2004, Petitioner was sentenced to a state

4  prison term of forty years.  (Pet. at 2.)  Petitioner did not file an appeal in the

5  California Court of Appeal, nor did he file a petition for review in the California

6  Supreme Court.  (Pet. at 2, 3.)  As a result, Petitioner's conviction thereafter

7  became final on December 30, 2004, sixty days after his sentencing.  <u>See</u> Cal. R.

8  Ct. 8.308(a) (formerly Cal. R. Ct. 30.1).  Petitioner had until December 30, 2005,

9  to file the current Petition.  28 U.S.C. § 2244(d)(1)(A); <u>see also</u> <u>Patterson v.</u>

10 <u>Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner did not constructively

11 file the current Petition until January 25, 2012, over seven years after the

12 limitation period expired.  Thus, absent applicable statutory tolling, equitable

13 tolling, or an alternate start date to the AEDPA's limitations period under 28

14 U.S.C. § 2244(d)(1), the current Petition appears to be untimely.

15 **C.     <u>Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. §</u>**

16        **<u>2244(d)(2).</u>**

17        Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a

18 properly filed application for State post-conviction or other collateral review with

19 respect to the pertinent judgment or claim is pending shall not be counted toward

20 any period of limitation under this subsection."  <u>Patterson</u>, 251 F.3d at 1247.

21        The United States Supreme Court has held the statute of limitations is

22 tolled where a petitioner is properly pursuing post-conviction relief.  <u>Carey v.</u>

23 <u>Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260

24 (2002).  The period tolled includes the intervals between one state court's

25 disposition of a habeas petition and the filing of a habeas petition at the next

26 level of the state court system.  <u>Id.</u>  In <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th

27 Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the

28

4

1   time the first state habeas petition is filed until the California Supreme Court

2   rejects the petitioner's final collateral challenge."  Claims denied as untimely or

3   determined by the federal courts to have been untimely in state court will not

4   satisfy the requirements for statutory tolling.  Evans v. Chavis, 546 U.S. 189,

5   192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Saffold, 536 U.S. at

6   222-23).[4]

7        As set forth above, Petitioner's limitation period ended on December 30,

8   2005.  Petitioner did not file his only state habeas petition in the California

9   Supreme Court until July 14, 2011.  (Pet. at 3, 4; Official Records of California

10  Courts.)  Petitioner is not entitled to statutory tolling for the time period this

11  petition was pending pursuant to 28 U.S.C. § 2244(d)(2).  Section 2244(d) does

12  not permit the reinitiation of the AEDPA limitations period that has ended before

13  a state habeas petition is filed.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th

14  Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the

15  limitations period that has ended before the state petition was filed," even if the

16  state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th

17  Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).  Thus,

18  the Petition clearly appears to be untimely.

19  / / /

20  _____

21      [4]  The Court in Evans held that a California Supreme Court order silent on
22  the grounds for the court's decision is not equivalent to a holding that the filing
    was timely.  Chavis, 546 U.S. at 197-98.  Thus, in the absence of clear direction
23  or explanation from the California Supreme Court about the meaning of the term
24  "reasonable time" (in which to file a habeas petition), or clear indication that a
    particular request for appellate review was timely or untimely, the federal court
25  must itself examine the delay in each case and determine what the state courts
26  would have held with respect to timeliness.  Id. at 198.  That is, "the federal court
    must decide whether the filing of the request for state-court appellate review (in
27  state collateral review proceedings) was made within what California would
28  consider a 'reasonable time.'"  Id.

5

**D.      Equitable Tolling.**

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates:  "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  A petitioner bears the burden of alleging facts that would give rise to tolling.  Id. "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).  This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").  Petitioner has not set forth any facts that would warrant equitable tolling.  Thus, as noted above, the current Petition clearly appears to be untimely.

**E.      Alternate Start of the Statute of Limitations.**

**1.      State-Created Impediment.**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).  Asserting that the statute of limitations was delayed by a

1   state-created impediment requires a showing of a due process violation.  <u>Lott</u>,

2   304 F.3d at 925.  Petitioner has not set forth any facts showing that he is entitled

3   to relief under this provision.

4          **2.**     <u>**Newly Recognized Constitutional Right.**</u>

5         The AEDPA also provides that, if a claim is based upon a constitutional

6   right that is newly recognized and applied retroactively to habeas cases by the

7   United States Supreme Court, the one-year limitations period begins to run on the

8   date which the new right was initially recognized by the United States Supreme

9   Court.  28 U.S.C. § 2244(d)(1)(C).  Petitioner has not set forth any facts showing

10  that he is entitled to relief under this provision.

11         **3.**     <u>**Discovery of Factual Predicate.**</u>

12        The AEDPA further provides that, in certain cases, its one-year limitations

13  period shall run from "the date on which the factual predicate of the claim or

14  claims presented could have been discovered through the exercise of due

15  diligence."  28 U.S.C. § 2244(d)(1)(D).  Petitioner has not set forth any facts

16  showing that he is entitled to relief under this provision.

17                  **V.**

18                <u>**ORDER**</u>

19        Based upon the foregoing, the Court finds that the face of the Petition

20  indicates that it is untimely.  Accordingly, Petitioner is ordered to show cause

21  why the Petition should not be dismissed as untimely by filing a response within

22  thirty (30) days of the date of this Order.  In the response to this Order to Show

23  Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas

24  petition was filed and shall, if possible, attach copies of any state petition

25  (showing that it was filed) and copies of the state court's decision addressing

26  each petition.  All facts relied upon by Petitioner must be proved by testimony

27  contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C.

28

§ 1746, or in properly authenticated documents.  Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury.  Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: March 19, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge

8